NO. 07-12-00061-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
AUGUST 29, 2012
--------------------------------------------------------------------------------

 
 BYRON WADE COOK, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;
 
 NO. A18923-1109; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant, Byron Wade Cook, pleaded guilty to possession of a controlled substance, methadone, in an amount of less than one gram. Appellant opted to have punishment set by a jury, and the jury, after hearing the evidence, sentenced appellant to two years confinement in a State Jail Facility and assessed a fine of $2,000. Appellant has appealed. We will affirm.
Appellants attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744 - 45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial courts judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a pro se response. Appellant has filed a response. 
By his Anders brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Appellant contends in his response that he received ineffective assistance of counsel. We have reviewed the totality of the record and find that any issue contending that appellant received ineffective assistance of counsel is not supported by the record, and it is frivolous. See Salinas v. State, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005).
Accordingly, counsels motion to withdraw is hereby granted, and the trial courts judgment is affirmed.

 Mackey K. Hancock
 Justice 
Do not publish.